



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. A. Walters
County Attorney
San Saba County
San Saba, Texas

Dear Sir:

Opinion No. Q-2632
Re: (1) Proper steps to
establish ineligibility
of candidate for office
of county attorney; (2)
proper officer to insti-
tute necessary proceed-
ings; (3) Other ques-
tions based upon assump-
tion that timely action
will not be taken.

We have for reply your letter of August 14, 1940,
requesting the opinion of this department upon the follow-
ing matter:

"There were two candidates for county
attorney in the nomination at the primary
election held on the 27th day of July. A
young man who was without license to prac-
tice law was one of the candidates against
the present incumbant after having failed
to secure the requisite number of points
under two examinations and taken his third
examination at the time of his candidacy
before the primary, but the same had not
been acted on by the examining committee.
He, anticipating that he would be successful
on that third examination, made the race and
was nominated over the present incumbant.
This week brings the information that he
failed again for the third time. I presume
he will take another examination, and if he
does I assume that the result will be known
before the November election.

Honorable G. A. Walters, Page 2

"Unless prohibited, either through a mandamus or injunction, one or both proceedings, his name will be certified by the committee and his name will go up on the ticket at the general election."

On the basis of these facts you desire to know:

(1) What steps may be taken to establish the ineligibility of the candidate for the office of county attorney;

(2) If steps may be taken, who is authorized to institute the necessary proceedings;

(3) Other questions based upon the assumption that timely steps will not be taken.

In Opinion No. O-2285 this department held that under Articles 332 and 2927 of the Revised Civil Statutes, 1925, one who does not have his license to practice law and will not have it at the time of the July primary election is not entitled to have his name certified as a candidate for the office of county attorney at such election.

Articles 2927, 2928 and 2929 of Vernon's Annotated Civil Statutes, read as follows:

"Art. 2927.

"No person shall be eligible to any State, county, precinct or municipal office in this State unless he shall be eligible to hold office under the Constitution of this State, and unless he shall have resided in this State for the period of twelve months and six months in the county, precinct, or municipality, in which he offers himself as a candidate, next preceding any general or special election, and shall have been an actual bona fide citizen of said county, precinct, or municipality for more than six months. No person ineligible to hold office shall ever have his name placed upon the ballot at any general or special election, or at any primary election where candidates are selected under primary election laws of this State; and no such ineligible candidate shall ever be voted upon, nor have votes counted for him, at any such general, special, or primary election.

Honorable G. A. Walters, Page 3

"Art. 2928.

"Neither the Secretary of State, nor any
county judge of this State, nor any other au-
thority authorized to issue certificates, shall
issue any certificates of election or appoint-
ment to any person elected or appointed to any
office in this State, who is not eligible to
hold such office under the Constitution of this
State and under the above article; and the name
of no ineligible person, under the Constitution
and laws of this State, shall be certified by
any party, committee, or any authority author-
ized to have the names of candidates placed
upon the primary ballots at any primary elec-
tion in this State; and the name of no ineli-
gible candidate under the Constitution and laws
of this State shall be placed upon the ballot
of any general or special election by any au-
thority whose duty it is to place names of
candidates upon official ballots,

"Art. 2929.

"The district court shall have authority
to issue writs of injunction and all other
necessary process at the suit of any interest-
ed party, or of any voter, to enforce the pro-
visions of the above two articles and to pro-
tect thereunder the rights of all parties and
the public; for such purpose, jurisdiction
and authority is conferred upon all district
courts of this State and all cases filed here-
under shall have first right of precedence
upon trial and appeal."

Under the Articles of the Revised Civil Statutes,
above set forth, the candidate mentioned in your letter is
not entitled to have his name go on the ballot in the gen-
eral election in November as the Democratic nominee for the
office of county attorney. He should not be voted upon at
that time as such nominee, and under Article 2929 an injunc-
tion may issue from the district court to prevent his name
being placed before the voters at the general election.

Let us point out here for your guidance that
while Article 8253, Vernon's Annotated Civil Statutes, pro-

vides the remedy of an information in the natu:
quo warranto to be directed against one unlawf
truding upon or assuming the duties of an offi
which he is not entitled, that remedy is not a
until the one against whom the writ is to be d:
has actually intruded into and unlawfully hold:
fice. As stated in Callaghan v. Tobin, 40 T.
90 S. W. (2d) 328, writ refused,

> "There is nothing in that statute
> that would protect the incumbent of an
> office from one who threatened to remove
> him from the same and to take possession
> of the property appertaining to the of-
> fice. That statute gives a remedy agains
> a person who has already usurped, intrude
> into, and unlawfully holds an office, as
> the very designation of the proceeding
> clearly implies. It is a proceeding by
> quo warranto, to be used against one in
> possession of an office, and cannot be
> used by an incumbent to protect him from
> attempted usurpation of his office."

See also Williams v. Castleman, 112
247 S. W. 263.

You have been advised that an injunc
sue to prevent the name of an ineligible candi
appearing upon the ballot at the general elect
ember as the Democratic nominee for the office
concern ourselves with the question of who is
to institute the necessary proceedings.

Although Article 2929 provides in he
that "any interested party, or any voter" may
injunction there provided for, the case of All
decided by the Commission of Appeals in 1928,
9 S. W. (2d) 731, construes the statute differ

In that case one Braly, the plaintif
a third man were candidates for the office of
torney. At the election it appeared that Bral
the highest number of votes cast and the plair
second largest number. Braly, however, was in
der Article 2927 to be a candidate for the of
triet attorney, and the plaintiff, the second

Honorable G. A. Walters, Page 5

instituted the necessary steps, as a voter, to procure
an injunction under Article 2929 to prevent the name of
Braly from appearing upon the ballot at the general elec-
tion and to prevent his certification as the Democratic
nominee for the office of district attorney. The Court
stated:

    "The petition therefore fails to show
that the plaintiff has a legal right, dis-
tinct from the general public of which he
is a member, which will be affected by the
certification of Braly as the Democratic
nominee for district attorney, or by the
printing of his name, as such, on the of-
ficial ballot at the general election in
November. The plaintiff, as an individual,
is not shown to have a justiciable interest
in the matter. He therefore is not entitled
to maintain this suit unless authorized to
do so under that provision of article 2929
of the statutes now to be noticed. A por-
tion of that article provides in effect that
the district court shall have authority to
issue writs of injunction at the suit of 'any
voter,' to restrain the placing of the name
of an ineligible candidate upon the official
ballot at any general or special election.
Under the facts of this case, and though
Braly be ineligible as alleged, the certi-
fication of his name as the Democratic nom-
inee, and the placing of his name on the bal-
lot at the general election, are matters of
public concern exclusively. Such being the
case, any suit in respect of those matters
must be prosecuted by the state. Staples v.
State, 112 Tex. 61, 245 S. W. 639. Whatever
be the true import of the statutory provision
just referred to, that provision cannot have
effect to invest the plaintiff, simply be-
cause he is a voter, with the authority to
maintain this suit. The Constitution does
not permit this to be done. It is said in
the case just cited that:

    "'It is necessary for the state to be
a party where the action is for the benefit
of the public at large, though growing out

of a party primary election. The statute
cannot confer a right upon private individ-
uals to act for all where it is shown they
have no interest different from all others.'

"The Constitution provides that the
county attorney shall represent the state
in all cases in the district court. By
other constitutional provisions the Legis-
lature is authorized to impose that duty
on the Attorney General, and, in prescribed
circumstances, upon the district attorney.
See State Constitution, art 5, # 21; art.
4, # 22. These constitutional provisions
mark the limits of legislative authority
to prescribe who shall represent the state
and control its interests in a lawsuit in
the district court. The Legislature is
impliedly restrained from conferring such
duty and responsibility on the individual
citizen. Maud v. Terrell, 109 Tex. 97, 200
S. W. 375. The plaintiff therefore has no
authority to maintain this suit, as a voter,
independently of a public official who is
properly clothed with that authority."
(Underscoring ours)

We may therefore conclude that any suit provided
for by Article 2929 must be prosecuted by the State.

Section 21 of Article 5 of the Constitution of
Texas, reads, in part, as follows:

"* * *. The county attorney shall
represent the State in all cases in the
District and inferior courts in their respec-
tive counties; * * *."

In Maud, County Tax Collector, v. Terrell, State
Comptroller, 109 Tex. 97, 200 S. W. 375, the Court stated:

"* * *. That instrument, by Section
21 of Article 5, lodges with the county
attorneys the duty of representing the
State in all cases in the district and
inferior courts, with the right in the
Legislature to regulate by law the respec-

tive duties of district and county attorneys where a county is included in a district having a district attorney; and by Section 22 of Article 4 that duty as to suits and pleas in the Supreme Court is confided to the Attorney General. * * *."

See also Staples v. State, 112 Tex. 61, 245 S. W. 639; Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1012.

It is the opinion of this department and you are respectfully advised that you in your official capacity as county attorney are authorized to represent the State in a suit for an injunction under Article 2929 of the Revised Civil Statutes, 1925, to prevent the name of an ineligible candidate for the office of county attorney in your county from being placed upon the ballot, voted upon, or certified as the Democratic nominee for the office at the general election in November.

Each of the other questions you have presented for our consideration are based upon hypothetical situations which may never arise, and in view of the foregoing advising that the remedy of injunction is available now, their answer is rendered unnecessary.

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED AUG 22, 1940

FIRST ASSISTANT
ATTORNEY GENERAL

By

James D. Smullen
Assistant

JDS:RS


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN